UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DALLAS JOHNSON                                                    PLAINTIFF

v.                                               CIVIL CASE 1:19-cv-829-HSO-JCG

MDHS and                                                         DEFENDANTS
PERNETHYIA
BECKNEL-HARMON

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISICTION

BEFORE THE COURT is the Complaint (ECF No. 1) of Plaintiff Dallas Johnson, who is proceeding *pro se* and *in forma pauperis*. It is recommended that Plaintiff's Complaint be dismissed without prejudice for lack of subject matter jurisdiction by virtue of the *Rooker-Feldman* doctrine because Plaintiff's Complaint is an attempt to collaterally attack the validity of a state court judgment.

### BACKGROUND

In his Complaint filed November 1, 2019, Plaintiff Dallas Johnson advances claims for fraud, "failure to disclose," breach of contract, "bait and switch," emotional distress, and humiliation" against the Mississippi Department of Human Services (MDHS) and the mother of his child, Pernethyia Becknel-Harmon. (ECF No. 1, at 4; ECF No. 1-1, at 1). Plaintiff's claims arise from a 2013 order issued by a Lousiana state court requiring Plaintiff to pay child support in the amount of $580.00 per month. (ECF No. 1-1, at 1). Plaintiff is in arrears in the amount of $20,000.00. (ECF No. 1, at 4; ECF No. 1-1, at 1). Plaintiff has filed suit in this Court seeking "a dismissal" of the support order. (ECF No. 6, at 2).

On November 5, 2019, the undersigned issued an Order to Show Cause, requiring Plaintiff to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 4). Plaintiff filed a Response, asserting that jurisdiction was based upon 18 U.S.C § 242 and 42 U.S.C. § 1983.

## ANALYSIS

Subject matter jurisdiction "goes to the court's very power to hear the case." *United States v. Scruggs,* 691 F.3d 660, 666 (5th Cir. 2012). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990).

This Court is without subject matter jurisdiction to consider Plaintiff's request to vacate a child support order issued by a state court. "No court of the United States, other than the United States Supreme Court, can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision." *Chasez v. Powell,* No. 1:07–cv–929–LG–JMR, 2008 WL 591941, *1 (S.D. Miss. Feb. 28, 2008).

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by

2

>        the appropriate state appellate court. Thereafter, recourse
>        at the federal level is limited solely to an application for a
>        writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000) (quotations omitted).

Plaintiff attacks the validity of a state court judgment and essentially asks this Court to review and reverse it. This Court is without subject matter jurisdiction to entertain such claims. *See id.; see also Illinois Cent. R. Co. v. Guy,* 682 F.3d 381, 390–91 (5th Cir. 2012); *Scafidi v. Persons*, No. 1:14-MC-42-HSO-RHW, 2014 WL 585349, at *1–2 (S.D. Miss. Feb. 13, 2014). The federalism interests underlying the *Rooker-Feldman* doctrine particularly apply to domestic issues like child custody and child support. *See Rykers v. Alford,* 832 F.2d 895, 900 (5th Cir. 1987).

Insofar as Plaintiff seeks to state a claim based on 18 U.S.C. § 242, this statute does not provide a private right of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 ...."). With respect to Plaintiff's alleged 42 U.S.C. § 1983 claims for purported violations of his constitutional rights, the Fifth Circuit instructs that "[i]f the district court is confronted with issues that are 'inextricably intertwined' with a state court judgment, the court is in essence being called upon to review the state court decision." *United States v. Shepherd,* 23 F.3d 923, 924 (5th Cir.1994) (quotation omitted). The Fifth Circuit "has determined that issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action to circumvent the *Rooker–Feldman* rule." *Richard v. Hoechst Celanese Chem. Group, Inc.,* 355 F.3d 345, 351 (5th Cir. 2003) (citation omitted).

3

"[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney,* 786 F.2d 688, 690–91 (5th Cir.1986).

This is precisely what Plaintiff attempts to do here. The Complaint should be dismissed without prejudice for lack of subject matter jurisdiction by virtue of the *Rooker–Feldman* doctrine. *See id.; see also, e.g., Bell v. Valdez,* 207 F.3d 657, 2000 WL 122411, at *1 (5th Cir. 2000) (noting, in a civil rights action by a plaintiff against her ex-husband and the judge who presided over their state-court divorce: "[t]he *Rooker–Feldman* doctrine has frequently been used to dismiss civil rights complaints that, like [plaintiff's], are in essence challenges to state court divorce decrees"); *Turner v. Chase,* 334 F. App'x 657 (5th Cir. 2009) (dismissing state law claims and 42 U.S.C. §§ 1983, 1985, and 1986 claims against ex-husband, his former counsel, plaintiff's former counsel, the judge presiding over the divorce proceedings, and the clerk of court for lack of jurisdiction under the *Rooker–Feldman* doctrine).

NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of April, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE