IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DALLAS JOHNSON § | | PLAINTIFF |
| § | | |
| § | | |
| v. § | | Civil No. 1:19cv829-HSO-JCG |
| § | | |
| § | | |
| MISSISSIPPI DEPARTMENT OF § | | |
| HUMAN SERVICES *and* § | | |
| PERNETHYIA BECKNEL-HARMON § | | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [8] AND DISMISSING PLAINTIFF DALLAS
JOHNSON'S CASE WITHOUT PREJUDICE**

This matter comes before the Court on the Report and Recommendation [8] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 14, 2020. The Magistrate Judge recommended that Plaintiff's suit be dismissed for lack of subject-matter jurisdiction. After due consideration of the Report and Recommendation [8], Plaintiff's Complaint [1], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [8] should be adopted as the Order of the Court and that Plaintiff's claims should be dismissed without prejudice for lack of subject-matter jurisdiction.

I. RELEVANT BACKGROUND

Proceeding pro se, on November 1, 2019, Plaintiff Dallas Johnson ("Plaintiff"), filed his Complaint [1] in this Court against Defendants Mississippi Department of Human Services ("MDHS") and Pernethyia Beckner-Harmon

1

(collectively "Defendants"), claiming that he "suffers from humiliation" and emotional distress caused by Defendants' alleged fraud, breach of contract, "failure to disclose," and "bait and switch."  Compl. [1] at 4.  Specifically, Plaintiff alleges that Defendants are fraudulently seeking to enforce a 2013 child support order issued by a Louisiana state court in the amount of $580.00 per month.  Attach. [1-1] at 1.  Plaintiff is allegedly in arrears in the amount of $20,000.00.  Compl. [1] at 4.  He is seeking damages in the amount of $100,000.00 and a dismissal of the support order.  Compl. [1] at 4; Resp. [6] at 1.

On November 5, 2019, the Magistrate Judge ordered Plaintiff to show cause why his case should not be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.  *See* Order [4] (citing *District of Columbia Court of Appeals v. Feldman*, 40 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  Plaintiff filed a Response [6] reiterating his claims against Defendants.  On April 14, 2020, the Magistrate Judge entered a Report and Recommendation [8], recommending that the Court dismiss Plaintiff's suit for lack of subject-matter jurisdiction.  R. & R. [8] at 4.  No party has filed an objection to the Report and Recommendation [8], and the time for doing so has passed.  *Id.* at 4-5.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions

of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law, nor does it constitute an abuse of discretion, as the Magistrate Judge thoroughly considered all issues. The Report and Recommendation should be adopted as the opinion of the Court.

### III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Plaintiff Dallas Johnson's suit be dismissed without prejudice for lack of subject-matter jurisdiction. The Report and Recommendation [8] will be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [8] entered in this case on April 14, 2020, is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21st day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE